United States District Court
Southern District of Texas
**ENTERED**
September 25, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSHELL SOMERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-0390 |
| | § | |
| THE UNIVERSITY OF TEXAS MD | § | |
| ANDERSON CANCER CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred for all further pretrial proceedings is Defendant's Motion for Partial Dismissal (Document No. 16), in which Defendant seeks the dismissal of Plaintiff's Title VII race discrimination claim for failure to state a claim. Having considered that motion, the absence of a response to the motion, the allegations in Plaintiff's First Amended Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Partial Dismissal (Document No. 16) be GRANTED.

### I.   Background

This is an employment discrimination case brought by Plaintiff Rushell Somers ("Somers") against her former employer, the University of Texas MD Anderson Cancer Center ("MD Anderson") for race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. MD Anderson promptly filed a Motion for Partial Dismissal, seeking dismissal of the § 1981 claims on sovereign immunity grounds, and dismissal of the Title VII race discrimination claim for failure to state a claim. In an Order entered on June 28, 2019, the District Court granted MD Anderson's

Motion for Dismissal as to the § 1981 claim, but allowed Somers an opportunity to re-plead her race discrimination claim under Title VII. In so doing, the Court wrote:

> Plaintiff's complaint does not adequately set forth a prima facie Title VII race discrimination claim, as she acknowledges: "Plaintiff concedes that the pleading in her first claim for relief under race discrimination does not articulate all the elements of race discrimination and recites some of the elements for Title VII retaliation . . . " (Doc. NO. 9). Somers requested leave to amend her Complaint in order to remedy this. *Id.*
>
> The Parties dispute whether Somers can adequately present a prima facie case, as MD Anderson asserts that Somers would not be able to make such a claim even with leave to amend. The Court, however, declines to prejudge the sufficiency of Somers' allegations until she has had an opportunity to present them. Although Somers' claims as stated relate to a Title VII retaliation claim rather than to one of discrimination, she has acknowledged this and sought to address it. The Court therefore will not rule on Defendants' Motion to Dismiss Somers' Title VII discrimination claim without first allowing Plaintiff an opportunity to amend her pleadings.

(Document No. 14). Somers thereafter filed a First Amended Complaint (Document No. 15), and MD Anderson now, again, seeks an Order dismissing Somers' Title VII race discrimination claim. As of this date, Somers has not filed a response to MD Anderson's current Motion for Partial Dismissal.

## II.   Rule 12(b)(6) Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 556 at 680.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. Discussion

MD Anderson argues in its renewed Motion to Dismiss that Somers has not alleged a plausible race discrimination claim under Title VII because here are no facts that would support a *prima facie* case of race discrimination. In particular, MD Anderson argues that while Somers is a member of a protected class (Back/African American), she has not alleged any facts to show that anyone outside of her protected class was treated more favorably than she, or that she suffered an adverse employment action. Taking as true the factual allegations in Plaintiff's Amended

Complaint, but disregarding the conclusory allegations, the undersigned concludes that Somers has not stated a plausible race discrimination claim against MD Anderson under Title VII.

Title VII proscribes an employer from discriminating against any individual because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To maintain a claim of disparate treatment discrimination, a plaintiff must either offer direct evidence of discrimination or utilize the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 162 (5th Cir.), *cert. denied*, 519 U.S. 1029 (1996); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and must not be subject to interpretation as anything other than a reflection of bias. *See Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995) (citing *Davis v. Chevron U.S.A. Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)); *see also Maestas v. Apple, Inc.*, 546 F. App'x 422, 427-28 (5th Cir. 2013) ("A comment demonstrates an employer's discriminatory intent if it is 'direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.'") (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010)). Under the indirect method of proof, set forth in *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of discrimination with allegations and proof that the plaintiff (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was treated less favorably than those outside the protected class. *Okoye v. Univ. of*

*Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001); *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999).

At the pleading stage, "a plaintiff is not required to 'make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss.'" *English v. Perdue*, ___ F.App'x ___, 2019 WL 2537414 *4 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013)). Instead, in determining whether a plaintiff has a alleged a plausible discrimination claim under Title VII, it must be determined whether the plaintiff has alleged "sufficient facts on all of the elements of a disparate treatment claim to make his claim plausible." *Chhim v. Univ. Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). That means, at bottom, that the plaintiff must allege, for purposes of a Title VII disparate treatment claim, that he has suffered an adverse employment action "because of" his or her membership in a protected class. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).

Here, there are no factual allegations in Somers' Amended Complaint of any direct evidence of race discrimination. In addition, there are no factual allegations in Somers' Amended Complaint that she suffered an adverse employment action "because of" her membership in a protected class. While Somers alleges in her Amended Complaint that "Defendant intentionally discriminated against [her] because of her race and nationality in violation of Title VII by treating her less favorably than her non-black co-workers" (Document No. 15 at 6), this is nothing more than a conclusory allegation which cannot be considered for purposes of determining whether Somers has stated a plausible race discrimination claim. *See, e.g., Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of plaintiff's race discrimination claim where plaintiff's "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that Lazer Spot is liable for

5

terminating Whitlock's employment because of his race"); *Davis v. Texas Health & Human Servs. Comm'n*, 761 F. App'x 451, 453 (5th Cir. 2019) (affirming dismissal of plaintiff's discrimination claims, which the District Court found were not supported by any factual allegations, but mere conclusory statements). In addition, other than that conclusory allegation, there are no factual allegations that Somers was treated less favorably than those outside of her protected class, and no factual allegations that Somers suffered an adverse employment action "because of" her race. Somers alleges throughout her Amended Complaint that she was terminated in retaliation for her complaints to Human Resources about her supervisor's discrimination and unfair treatment of her; there are no factual allegations from which it could be inferred that her termination was in any way related to her race. As for Somers' allegations that her supervisor discriminated against her and treated her unfairly, nowhere are there any factual allegations that Somers' race had anything to do with how she was treated by her supervisor, or that those outside her protected class were treated more favorably by Somers' supervisor and/or Defendant MD Anderson, than she was.

Somers' allegations in her Amended Complaint are all premised on, and directed to, her retaliation claim. Because nowhere in her Amended Complaint does Somers set forth or articulate any facts from which it could be concluded that she was terminated, or suffered some other adverse employment action "because of" her race, she has not stated a plausible race discrimination claim under Title VII. This is so despite Somers being on notice of the claimed pleading deficiencies, and being afforded an opportunity to file an amended complaint. Dismissal of Somers' Title VII race discrimination is now warranted pursuant to Rule 12(b)(6).

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiff Rushell Somers has not stated a plausible race discrimination claim against MD Anderson with the allegations contained in her Amended Complaint (Document No. 16), the Magistrate Judge

RECOMMENDS that Defendant's Motion for Partial Dismissal (Document No. 16) be GRANTED and Plaintiff's race discrimination claim under Title VII be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of September, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE