United States District Court
Southern District of Texas
**ENTERED**
April 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSHELL A SOMERS, | § | |
| *Plaintiff*, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-00390 |
| UT MD ANDERSON CANCER CENTER, | § § § | |
| *Defendant*. | § § | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss for Want of Prosecution (Doc. No. 33). Plaintiff did not file a response. After careful consideration, the Court grants the Motion.

**I.   Background**

This is an employment discrimination case brought by Plaintiff Rushell Somers ("Plaintiff" or "Somers") against her former employer, the University of Texas MD Anderson Cancer Center ("Defendant" or "MD Anderson"). Plaintiff's original complaint alleged race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. (Doc. No. 1, at 14–17). In an order filed June 28, 2019, this Court granted in part MD Anderson's motion for partial dismissal (Doc. No. 7), dismissing Somers's § 1981 claim but allowing Somers to re-plead her race discrimination claim under Title VII. (Doc. No. 14, at 7–8).

Somers thereafter filed her first amended complaint. (Doc. No. 15). MD Anderson again sought dismissal of Somers's Title VII race discrimination claim. (Doc. No. 16). Plaintiff did not file a response in opposition. The magistrate judge issued a Memorandum and Recommendation granting MD Anderson's motion. (Doc. No. 18). In an order filed October 17, 2019, this Court adopted the Memorandum and Recommendation and dismissed Plaintiff's Title VII race

discrimination claim. Accordingly, the only claim remaining in the case is Plaintiff's claim for retaliation in violation of Title VII. (Doc. No. 1, at 15).

On December 20, 2021, MD Anderson filed a motion to stay, explaining to the Court that its attempts to complete discovery before the impending deadline were being frustrated by lack of communication from opposing counsel. (Doc. No. 32). Counsel for Somers had notified MD Anderson's counsel that she "no longer can represent clients as an attorney for the federal government," and that she was "trying to find replacement counsel" for Somers's upcoming deposition. (*Id.* at 2).[1] MD Anderson asked this Court to stay this case until Plaintiff is either (1) represented by new counsel; or (2) notifies the Court and Defendant that she intends to proceed pro se. (*Id.* at 2). Plaintiff did not file a response to the motion. The motion remains pending.

On February 28, 2022, MD Anderson filed a Motion to Dismiss for Want of Prosecution (Doc. No. 33). In it, Defendant avers that "Plaintiff has not participated in multiple forms of discovery or attempted to move her case forward in any way." (*Id.* at 1). Accordingly, Defendant requests that the Court dismiss the case with prejudice for failure to prosecute. (*Id.* at 5).[2] Once again, Plaintiff did not file a response in opposition.

## II.  Legal Standard

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

---

[1] Plaintiff's counsel has not filed a motion to withdraw, a motion to substitute, or otherwise notified the Court that her representation of Somers has terminated.

[2] In the alternative, Defendant's motion requests that the Court issue an order requiring Plaintiff to show cause why this case should not be dismissed. (Doc. No. 33, at 1).

2

FED. R. CIV. P. 41(b). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railraod Co.*, 370 U.S. 626 (1962)). "Such dismissal pursuant to Rule 41(b) may be with or without prejudice." *Bigbie v. EOG Resources, Inc.*, No. 7:19-cv-00077-M-BP, 2021 WL 1617817, at *2 (N.D. Tex. Mar. 24, 2021).

The Fifth Circuit has held that a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim," and as a result, such decisions are affirmed under Rule 41(b) "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that provide to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotations and citations omitted).

### III. Discussion

Plaintiff has failed to participate in multiple forms of discovery, including responding to Defendant's second set of written discovery (Doc. No. 33, Ex. A) or appearing at her own deposition (Doc. No. 33, Ex. 4). Moreover, Plaintiff has failed to respond to the two pending motions in this case—Defendant's motion to stay (Doc. No. 32) and the motion under review (Doc. No. 33).

According to email communications from counsel for Plaintiff to counsel for MD Anderson, Plaintiff's counsel apparently is currently employed "as an attorney with the federal government" and therefore cannot "represent [Ms. Somers] further." (Doc. No. 33, Ex. 3, at 3). As

3

counsel for Plaintiff explained, "I work for the [federal] government. I have been advised because the defendant is a government entity, there could be a potential conflict of interest." (*Id.* at 1). Despite having been employed in this capacity since as early as December 14, 2021 (*Id.* at 6), Plaintiff's counsel failed to apprise the Court of this development, nor did she file a motion to withdraw from her representation of Somers. No explanation has been offered for these deficiencies.

Due to Plaintiff's failure to engage in discovery and failure to respond to the motion under review, dismissal under Rule 41(b) is appropriate. Since, however, Plaintiff's failure to prosecute apparently stems in whole or in part from the failures of her counsel, the Court finds that dismissal with prejudice would be unfair. Accordingly, the Court dismisses Plaintiff's Title VII retaliation claim without prejudice.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Want of Prosecution (Doc. No. 33) is **GRANTED**. Plaintiff's one remaining claim is hereby dismissed without prejudice.

All other pending motions are **DENIED** as moot.

Signed at Houston, Texas, this 18th day of April, 2022.

Andrew S. Hanen
United States District Judge